FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL A. HUDSON,

     Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

     Defendant - Appellee.

No. 25-3133
(D.C. No. 2:25-CV-02151-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.

_____

Michael A. Hudson, proceeding pro se, appeals from the dismissal of his

claims against the Commissioner of Social Security. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. Hudson's claims.

Mr. Hudson is a veteran being treated for multiple health conditions. He filed

for Social Security Disability Insurance benefits in October 2021. The Social

Security Administration (SSA) denied the application, and Mr. Hudson then sought

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review of the SSA's decision in federal district court.  The district court affirmed the decision and entered judgment in August 2024.  Mr. Hudson filed two appeals with this court, both of which were dismissed for failure to prosecute.

He then filed his complaint in this case, claiming that certain issues were not addressed in his previous district court case.  He also sought the return of money paid under the Federal Insurance Contributions Act (FICA), as well as compensatory and punitive damages against the Commissioner.  The Commissioner moved to dismiss for lack of subject matter jurisdiction and failure to state a claim.

The district court granted the motion to dismiss.  First, it held that to the extent Mr. Hudson is seeking review of the previous district court decision, it was "without jurisdiction to review the decisions of another district court, even of another district court in this district."  R. at 57.  And having failed to prosecute his Tenth Circuit appeals, "he cannot now claim review of any of the facts and issues in that case."  *Id.* Second, the district court held that Mr. Hudson had not identified any constitutional or statutory bases for claiming the return of taxes paid under FICA, and the court was aware of none.  Finally, the district court agreed with the Commissioner's argument that sovereign immunity barred the claims for compensatory and punitive damages.

Mr. Hudson filed a timely appeal from the district court's order.

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . pro se parties [must] follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and

2

internal quotation marks omitted).  "Thus, although we make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.* (brackets, citation, and internal quotation marks omitted).

Mr. Hudson's opening brief does not "explain to us why the district court's decision was wrong."  *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Indeed, his brief does not address the merits of the district court's decision at all.  When an appellant fails to argue how the district court erred, we must affirm.  *See Harris v. Remington Arms Co.*, 997 F.3d 1107, 1114 (10th Cir. 2021) ("With no explanation for why the district court erred . . . we lack any basis to disturb the district court's [decision]."); *see also Nixon*, 784 F.3d at 1369 (affirming where the "opening brief contain[ed] nary a word to challenge the basis of" the district court's decision).  Accordingly, because Mr. Hudson fails to present any argument regarding the order and the judgment that are the subjects of this appeal, we affirm. We also deny Mr. Hudson's motion for default judgment.[1]

Entered for the Court

Richard E.N. Federico<br>Circuit Judge

---

[1] Mr. Hudson filed a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure.  Those rules are inapplicable to proceedings before this court.  In any event, the motion is based on the Commissioner's alleged failure to respond to a letter Mr. Hudson sent him during the pendency of this appeal, which is not a basis for a default judgment.

3